All right before we start the clock each side has 15 minutes but I have a question anytime I see several people sitting sitting at council table is will one person be handling all the argument or okay that you're David Edward that's all okay thank you all right thank you you may proceed good morning good afternoon rather good afternoon doing this all day good afternoon may it please the court my name is Tom Roth I'm the attorney representing the appellant Friends of Oceano Dunes and I'd like to reserve three minutes for rebuttal okay your honor friends has appealed the district court's abstention order because the district court erred by misunderstanding and misapplying the traditional tests under Younger Burford and Colorado River in this case none of those abstention doctrines can be justified in fact with respect to each of those abstention doctrines the district court committed a clear error of law let me start with Younger abstention in that case in the district court's clear question about that is there anything quasi-criminal about the dispute in this case not none whatsoever you know there's no way that the dune buggy riders or whatever or the association that's acting on their behalf can be punished well a state action does not involve that situation the state action is simply and what's called an administrative writ under the California CCP codes section 1094.5 meaning that friends challenged the decision of the Coastal Commission and Mr. Ainsworth as being unlawful under state law you're saying it doesn't protect those two birds well enough but there wasn't a citation or anything else nothing that this isn't a defense or a reaction to that no so it's I mean it's kind of odd in the sense that it doesn't seem like your clients really care about the snowy plover but they care about riding their dune buggies but we have to decide this is an ESA claim right this is an arrow in their quiver and should it be adjudicated in federal court and did they how did you think that may have factored into why the district judge said you don't belong there right I would quarrel just a little bit with your characterization that my client doesn't care about the bird in fact since I've represented them for 15 years they've worked very closely with state parks and this location is the most successful breeding program of the plover in the entire Western well are they are they really about is the name of their group save the birds or is it dune dunes are friends of the dunes right the purpose of the group is to recreation at this location and this park was specifically created to allow off-road vehicle recreation I don't see why this matters why the motivation matter it seems like what you're saying is we're doing buggy advocacy group and this conservation effort is going to be conserving the foxes not the chickens and if you can serve foxes it's bad for the chickens or whatever those birds are called correct your honor have I got that that's correct your honor and so because this one that's so or it isn't whether you wear a white hat or a black hat that's correct your honor but there was no was there any issue regarding standing raised below at all no so what authority supports your argument that the Coastal Act 60-day limitation period also governs a claim arising under the ESA well I believe that any action in state court challenging an action of the committee issues many lawsuits a court challenging the action of the Commission or the executive director on its behalf is governed by public resources code 30 801 and that makes it very clear that there's a 60-day statute limitation but it doesn't provide any other exception for any other type of claim and there's case law in California that says essentially any type of claim that you have must be brought within that 60 days so I guess so if we if we move past younger and get into the Burford and the Colorado River California requires that certain county judges obtain expertise in CEQA and related environmental laws how should that impact our analysis of whether this case satisfies the first Burford factor requiring that the state has concentrated suits challenging agency actions well I don't think it should have any bearing first of all it not every county has appointed a CEQA judge and I don't believe in San Luis Obispo County there is a designated CEQA judge and so in this case it should have no bearing whatsoever I'd add also that the standard is whether the state has focused all challenges to a particular type of administrative action in one court it's not a functional equivalent standard it's not patching together a bunch of other statutes to define if that's the case the question is simply like in Burford has it assigned it to one court in Burford all challenges to the Railroad Commission action in that case had to be brought in one county one district court in one county Travis County Texas no other exceptions we have nothing like that in this situation so with the district court here have to if if the district court were to decide the federal endangered species act claim would it have to interpret any state laws or decide any state law issues to decide that no no issues of state law come up in the federal claim the federal claim is simply one issue when Mr. Ainsworth approved this permit did he violate section 9 of the Endangered Species Act there's no underlying state issue that has to be resolved in any way the federal issues are completely separate do they overlap though what would is the state I'm not familiar enough with the the state California state environmental law here but do they ask for the same inquiry into whether there's critical habitat that's being affected or a threatened species that's being affected how how do those apply interplay yeah so in our state action we brought three caught three claims basically under three statutes one under the California Environment Equality Act CEQA one under the Coastal Act and one under the state endangered species laws there is no there's no such thing as critical habitat under the state laws that's only a federal process only the Fish and Wildlife Service does that pursuant to the Federal Endangered Species Act so there I would agree there's factual overlap here because we're talking about only on the only on the Endangered Species Act claim though right or is there overlap on the other two claims as well well I don't think there's any legal overlap there's not there's no question under any of those statutes that the federal court would have to decide before deciding the Endangered Species Act claim I'm just conceding that there's factual overlap in the sense we're talking about the same dust control program in the same area in the same environmental impacts but we're not talking about any overlap in terms of legal liability or legal claims so the Colorado River Doctrine allows federal courts to abstain from hearing a case in deference to a pending parallel state suit right but if the suits are not parallel if there's a substantial doubt that the state suit will resolve all issues before the federal court then abstaining under how that fits in well I think the error that I identified when the district courts abstention order with respect to Colorado River analysis is that it's required that there be an exceptional circumstance because Colorado River is the rarest of all abstention doctrines the the district court believed that there was an exceptional circumstance and this is in the record at page 19 of the abstention order because in her view the state court would resolve all issues now California ESA doesn't protect one of the species that we're talking about here right right the plover is not protected by any state law in this case it's only a federal interest only the federal law protects the plover and I think what the district court was saying is because she believed that the state action would moot the federal action that that was an circumstance but I don't think that she just wanted she wanted the state court to address it she didn't want to have to address it that's in a nutshell and if I may quote from an op-see case by the US Supreme Court in Orleans public service case quote Colorado River does not say every time it is possible for a state court to obviate the need for federal review by deciding factual issues in a holding would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the states so what the Supreme Court is saying and I think this court agreed in its 2017 Seneca case is merely mooting a case because you have concurrent federal and state jurisdiction that's not an exceptional circumstance under Colorado River that's not appropriate to invoke Colorado River abstention in that case let me ask you this because I think that the the defendants the defendant appellees are going to bring this up that they're probably going to ask us to look at the 11th amendment issue and if I'm correct the district court never got to that because the district court abstained on those three doctrines previously is that correct well the district court denied their motion on that basis actually below and and decided that the abstention stay order basically superseded it well so didn't really delve into the merits so is there any reason we don't even have the permit here is there any reason that we should look at if let's just say if we say well the district they shouldn't have abstained but the if the defendant appellees want to ask us to look at the 11th amendment do we really have a developed record for that not at all we've done no discovery on that I don't think it's necessary to build on that I think the the case I'll suggest that the court just look at the complaint and if there's an allegation that these officially state officials acted in their official capacity and had a fairly direct connection to the enforcement of the underlying action that's sufficient to to qualify for ex parte young in this case you want to save the balance of this yes thank you very much thank you afternoon good afternoon Deputy Attorney General David Edsel on behalf of Jack we're here today because the district court saw that this federal action was what but one small piece of a complex puzzle playing out in state court with multiple lawsuits brought by the same plaintiff against six state and local government entities let me tell you my big problem with this I as I read this I was thinking of course abstentions fine middle sex middle sex I've been applying middle sex for years and that seems like pretty good abstention under middle sex but then I realize and reread sprint and it looks like sprint really changes things and boy if it isn't criminal or quasi criminal it probably just doesn't matter that the state was handling the same dispute and there was tremendous overlap of the issues and the state might resolve it and all the middle sex factors might be satisfied it looks like all that matters is if it's criminal or quasi criminal it isn't so there can't be any younger abstention your honor sprint did narrow younger but we feel this action still fits within the narrow meaning younger criminal or quasi criminal in any way it's a civil enforcement action and in sprint when it was describing what would qualify as a civil enforcement action you're correct it described quasi how is this a civil enforcement action it's it's the way that the Coastal Commission these state and local age the Coastal Commission is the permitting entity is enforcing it's the Coastal Act that's what's going on in state court the state court is a challenge to a proceeding in the before the Coastal Commission and measuring are they gonna punish anybody I thought it was just to decide whether to protect the foxes with these green strips and so forth your honor with the sprint case we feel it the concern was that a lot of cases had been courts have been private parties and a number of the Ninth Circuit's post sprint cases where they denied younger abstention each of them had an underlying dispute that was between private parties Cook v Harding was a just as gestational surrogate contract dispute Reinerson versus Ferguson was there the underlying matter was a civil restraining order where the state would decline to put was said it was not planning to prosecute so the way we read sprint is that the court does not want to get younger should not apply when the underlying dispute is basically the state resolving a dispute between private and that's not the case here this was the state taking action you would limit sprint to private parties on both sides not necessarily sprint isn't sprint is really about whether Iowa can regulate Voight phone call charges yes but in sprint your when the Supreme Court was analyzing the procedures below it was a dispute between a national telecommunications company and a local telecommunications company over fees and there was pre federal preemption issue and the dispute between them it got withdrawn and the state stepped in because they thought it was a dispute that was likely to recur so they stepped in and decided to rule on this matter because they wanted to resolve this issue that was likely to core recur but the underlying dispute was the state wanted to resolve whether its Utilities Commission could regulate charging by outside carrier or to outside carriers for Voight calls and the Supreme Court said it's not criminal or quasi criminal there's no no abstention the federal court has a duty to sit but I think again it as I said the in sprint the court noted the underlying matter was at its core a private dispute and again that's what I feel like this is an alternative ground you're raising because the district court never found that this was criminal or quasi criminal the district court found that it was a civil enforcement action it did it did not where it did not maybe I'm misreading that I didn't I didn't see it as a civil your honor at the at the hearing at the district level that was actually much the argument was on whether it qualifies right but in the order I don't I don't I don't see anything that talks about whether it's a civil enforcement action I and explain to me how this is a civil enforcement action isn't this just a challenge to regulation effectively that a state regulation you weren't reaching out the state wasn't reaching out and finding them they didn't issue a citation no but the state was acting on its own it wasn't resulting from an underlying dispute and we contend that it was a sufficient enforcement action based on I don't get what you mean by enforcement action enforcement action means some regulatory agency says do this or else and if you don't do it you go to jail or you pay a fine or you pay something that looks like a fine but they call it something else something bad happens to you if you don't do what they say and here nothing bad was going to happen to anybody but maybe the birds and the foxes your honor if I could speak to that and perhaps answer judge Nelson's question before also the district court was citing to the case of Potrero Hills which was admittedly pre sprint and it also cited to the San Remo case which wasn't that the problem the district court never cited to sprint and never even looked at it within the sprint sprint came up at the hearing but but it was not it did not was not analyzed in depth at the district court but we nevertheless we feel that within that narrowing this matter still qualifies that sprint did not necessarily abrogate prior Ninth Circuit precedent in San Remo in Potrero Hills which indicated that a party challenging a permitting action is sufficiently an enforcement action under Younger well but those seem to be two separate arguments whether sprint abrogated prior Ninth Circuit precedent is a different question than is this a by the district court there's no analysis of whether this was a civil action it doesn't the district court doesn't even cite spread so maybe that's the argument you have to take is that sprint doesn't apply here if sprint applies you would agree that we can't look to the night the district courts analysis no that's correct with sprint obviously as a United States Supreme Court decision takes precedence and well not only takes precedence but the district court didn't even analyze it under that construct it did not it did in the sprint in depth at the district court and your honor if just use my time officially if I if I can dive into the Burford extension we always think it's our time so I'm gonna ask a couple questions I want to ask you how would the district courts enjoyment of the permit impermissibly disrupt California's efforts to develop coherent policy would such a ruling be any more disruptive to the state's policy efforts than other federal suits challenging the decisions of state agencies I think so your honor because of the unique posture this case is in where it is the Coastal Commission is the permitting agency but as I mentioned there are six government entities in a wide variety of postures state parks the state agency is the actual permit applicant the Coastal Commission is the permitted issuing entity we have local air district we have the state air resources board involved and the county of San Luis anything that protects the plover and if the district court were to decide the federal endangered species act they wouldn't have to interpret any state laws or decide any state law issues we disagree based on the the pleadings the the allegations in the appellant's pleadings in the federal complaint they allege that there is take because the the mitigation measures in the  and so we think the court would have to look into issues relating to the ER that environmental impact report under CEQA they also allege that there are they they allege in the federal claim and the state complaint that there's in it's insufficient to prevent take under the coastal acts protection of environmentally sensitive habitat area so we do think by the federal court ruling for instance if it were to rule that there was a take it would invalidate the permit this ongoing state action which is going on which is weighing CEQA, the Coastal Act, various local rules. But if it ruled it would rule based on federal law I mean I think as Judge Callahan was saying the plovers not protected under state law what if there would your analysis change if there were two plovers remaining and and and they really cared about preserving these plovers and the federal court comes and says well I can't touch it and then in the meantime there's no protection for these plovers they die they become extinct. Your Honor, if I may just I would disagree that state law does not protect the plover. CEQA does mandate that impacts to federally listed species are examined in the CEQA process. The Coastal Act there's a there's case law and that we cited. Is the plover listed in the California Endangered Species Act? It is not but in when you look at. So how would it protect the plover? Because when in analyzing under CEQA whether sufficient mitigation has occurred whether whether the environmental impact report has sufficiently addressed significant impacts. Impacts to endangered species are per se significant impacts and there are cases where analyzing environmental impact reports under CEQA the courts are look are talking about the concerns with the federally listed species. So it's just it's not. That just doesn't provide the same protections that the Endangered Species Act does in the in the in the federal courts. I mean maybe it provides some analysis of it but I just find this a little bit extreme to suggest that that the I can't imagine Congress thought that it's Endangered Species Act protection would be would take second fiddle to what states wanted to do here. And I your honor I I don't think it's necessarily that the federal ESA claim is taking second fiddle. How not? There's no direct analysis of the Federal Endangered Species Act claim. The district court said we're just gonna look at see what this what the state court does. Are you saying in the district court order there was no? The district court no the district court order is saying we're not gonna go further with the Federal Endangered Species Act. We're only gonna look at what the states are gonna do here. What the state's gonna do. Yes it felt that given the you know the basis under the three abstention doctrines and it felt that given this these state issues it felt that the plover would be protected under state law. It noted that when it talked about there's no analysis of that. I mean I don't think you can I'd be interested if you think that state law protects the plover to the same degree that the Federal Endangered Species Act claim does. I find that very difficult to believe. I would I would just add that in the Coastal Commission staff report here and generally in Coastal Federal the Federal ESA it specifically addressed that in here. So then there's no reason to even have a Federal Endangered Species Act claim in California because California is covering it all. I mean that seems to be the argument here and that's what's troubling is it doesn't seem like a federal court should just defer to a state a state proceeding in a situation like this. There's all the time I imagine there's hundreds of cases where there's a state environmental claim going and a Federal Endangered Species Act claim going in parallel and no one's ever thought that it's a major problem and now all of a sudden the state the federal courts deferring to the state court. I would think it'd be the reverse. I think in this instance it's important to see also that the district court issue is stay and there are updates being provided to the court that it didn't just well by the way can under will jumping ahead to the Colorado River doctrine I don't think that a stay is even appropriate. The district court as I understand it under that doctrine the district court would have been required to to dismiss the case so I don't even think the district court applied the the abstention doctrines correctly. Your honor I just are you are you referring to Colorado River because I believe Colorado River does specify or most of the case law says it's appropriate to retain jurisdiction. I think it says it may be and the most important word there is extraordinary. Colorado River abstention is extraordinary. Yes and we maintain that these are extraordinary circumstances. Just because you have parallels and just because there's a possibility that if it goes one way but not the other it may be dispositive doesn't mean there's anything extraordinary. I just don't see the extraordinariness. It looks like a pretty environment and various species the feds have protections for the environment and various species and it's just seemed not nothing extraordinary that both should pursue their concerns simultaneously. I think part of the concern is that yeah that if the federal court were to rule here these issues will likely recur and that's part of it with the state law issues why there's a Colorado River talks about parallel state suits right and I think the argument that the appellants would make that the suits are not parallel because there is substantial doubt that the state suit will resolve all the issues before the federal court and then abstaining under Colorado would be inappropriate. Here this state suit will move the federal case only if Friends of the Dunes prevail. This is because the state suit does not contain a federal ESA claim and the California ESA does not protect one of the species at the heart of the federal proceeding. So what if Friends of the Dunes so if they lose then the federal court will likely still have to adjudicate the federal cause of action. As well even if the suits were parallel the other Colorado River factors I think they would say fail to establish exceptional circumstances which have to be present when you warrant abstention. So I think that's the argument that they're making under Colorado River. And I think when you talk about you know various what will be settled in the state court it is important that at least for Colorado River it's not necessarily looking to the claims but the issues and in their state complaint they say alleged harm to the Plover all over. They allege federal take in insufficient mitigation that's causing harm and take to the Plover. They allege you know problems under the environmental excuse me the Coastal Acts environmentally sensitive habitat provisions. And the state complaint it alleges there's 63 times it mentions the Plover and it mentions harm to the Plover all throughout. So we feel and the state adjudicates the claims there it will necessarily have to address these issues with take of the Plover and then if the federal actions ongoing it would be they would some of these issues would be preclusive they would have been tried and argued and they would be preclusive in the federal court. As to the mitigation which are the same allegations they are making in the federal complaint. Okay just really quickly and I know you're over time but I want to ask you about this because I think you you've raised it about the Eleventh Amendment arguments. It would seem to me that it's not I don't know how appropriate it is to address it here when we really don't have very much information. Yes your honor the district court didn't even address that. Appellants were incorrect that it denied it it simply just did not reach the question and we believe if we don't even have the permit here right? No the permit no the permit is not right. So I mean it it's gonna have to be you're gonna have the the Eleventh Amendment's gonna have to be looked at with more information than what we have here. I think I think that's correct your honor it was not looked at below. Okay all right thank you. Thank you your honor. Thank you your honor. I don't have a lot of additional comments I just will note on Colorado River that there was an additional error by the district court and that is that this court in the Seneca case in 2017 made clear that in the balancing of the eight factors that the court has identified the balance must be weighed heavily in favor of retaining federal court jurisdiction and against abstention and that's not the way that the district court approached this. I don't have anything else to add I'm here to available for questions if there's anything else I can enlighten the court on. I don't think we have other questions and there's there is nothing criminal about not using all your time. Thank you. All right thank you. This court then this court will be in recess. Thank you.
judges: Kleinfeld, Callahan, Nelson